UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDERSON PETERS, | No. 2:23-cv-01924 AC |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1]  For the reasons that follow, the court will DENY plaintiff's motion for summary judgment and GRANT the Commissioner's cross-motion for summary judgment.

////

////

---

[1] SSI is paid to financially needy disabled persons.  42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 et seq., is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

## I.  PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income on December 22, 2020.[2] Administrative Record ("AR") 143, 291–316.[3]  Plaintiff alleged the disability onset date was July 16, 2020.  Id.  The applications were disapproved initially (AR 171-75), and on reconsideration (AR 179-84).  Plaintiff appeared with counsel Amanda Foss, and testified at a March 4, 2022 administrative proceeding before Administrative Law Judge ("ALJ") Vincent A. Misenti.  AR 30–64.  Also appearing and testifying was impartial vocational expert Kathleen Macy-Powers.  AR 57–62.  On April 26, 2022, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 14-25 (decision), 26-29 (exhibits).  On March 20, 2023, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 1-3 (decision).

Plaintiff filed this action on September 7, 2023.  ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3).  The parties consented to the jurisdiction of the magistrate judge.  ECF Nos. 23.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed.  ECF Nos. 16 (plaintiff's summary judgment motion), 21 (Commissioner's summary judgment motion), 22 (plaintiff's reply).

## II.  FACTUAL BACKGROUND

Plaintiff was 39 years old at the time of his administrative hearing, is right-handed, and has a high school education.  AR 35-36.  He injured his right elbow at work and underwent surgery in May 2017.  AR 37-38.  Plaintiff stopped working following his elbow injury.  AR 337.  Plaintiff alleged disability due to chronic back pain, right arm problems due to elbow surgery,

---

[2] Plaintiff had previously filed a separate application for disability benefits, and on March 31, 2020 ALJ Jane Maccione presided over hearings on plaintiff's challenge to the disapprovals.  AR 65-110 (transcript).  In an administratively final decision issued on July 15, 2020, plaintiff was found "not disabled" under Title XVI the Social Security Act based on that prior application.  AR 114–23; see AR 17, 116.  See 42 U.S.C. § 1382c(a)(3)(A).  In the application currently before the court, this prior decision is not relevant because the ALJ found that plaintiff had successfully rebutted the presumption of continuing non-disability.  AR 15.

[3] The AR is electronically filed at ECF Nos. 13-3 to 13-10 (AR 1 to AR 456).

1    arthritis, nerve problems, and a bulging disc in his spine.  Id.  Plaintiff has work history as a

2    delivery worker and as an entertainment industry worker.  AR 339.

### III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

3

2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a.  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.  20 C.F.R. § 416.920(a)(4)(i), (b).

Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.  Id., § 416.920(a)(4)(ii), (c).

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.  Id., § 416.920(a)(4)(iii), (d).

Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.  Id., § 416.920(a)(4)(iv), (e), (f).

////

////

Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since December 31, 2020, the application date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following severe impairments: right elbow arthritis, status post non-displaced fracture and arthroscopy, possible small loose body in the right elbow, right elbow epicondylitis, complex regional pain of the right elbow and disc bulges of the cervical spine (20 CFR 416.920(c)).
>
> 3. [Step 3]  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the individual is right hand dominant and eroded as follows: right overhead reaching is occasional; all other reaching is frequent; right handling and fingering are frequent; climbing ramps and stairs, balancing, stooping kneeling, crouching and crawling are frequent; no climbing ladders and scaffolds; no work around unprotected heights; avoid concentrated exposure to moving mechanical parts; and no commercial driving.
>
> 5. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 6. [Step 5] The claimant was born [in 1982] and was 38 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. [Step 5, continued] The claimant has at least a high school education (20 CFR 416.964).

8. [Step 5, continued] Transferability of job skills is not an issue because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2). (20 CFR 416.968).

9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CF'R 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since December 31, 2020, the date the application was filed (20 CFR 416.920(g)).

AR 17-25.

As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 25.

## VI.   ANALYSIS

Plaintiff alleges the ALJ erred by failing to provide clear and convincing reasons for discounting his subjective pain testimony. ECF No. 16 at 10. An ALJ performs a two-step analysis to evaluate a claimant's testimony. Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (citations omitted). First, the ALJ must evaluate the objective medical evidence of the underlying impairment which could be reasonably expected to cause the alleged symptoms or pain, and second, if there is no evidence of malingering, the ALJ can reject the claimant's testimony as to the symptoms' severity by offering specific, clear, and convincing reasons. Id. at 1015 (citations omitted). Inconsistent testimony and complaints inconsistent with plaintiff's daily activities are specific, clear, and convincing reasons to discount a claimant's testimony. Frost v. Berryhill, 727 Fed. Appx. 291, 295 (9th Cir. 2018) (citations omitted). Ninth Circuit cases "do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020). Instead, an ALJ must make specific findings about a claimant's allegations, properly supported by the record and sufficiently specific to ensure a reviewing court that he did

////

1  not "arbitrarily discredit" a claimant's subjective testimony.  See Thomas v. Barnhart, 278 F.3d
2  947, 958 (9th Cir. 2002).

3  In this case, plaintiff testified at the hearing he injured his right elbow at work and
4  underwent surgery in May 2017, but his right arm never straightened out.  AR 37-38.  In addition,
5  he has post operative nerve damage that causes pain in his right shoulder, pain in the middle of
6  his spine, and at times causes numbness in his arms and fingers.  AR 38-39.  He is seen for pain
7  management monthly and takes prescription pain medication daily, has undergone physical
8  therapy, and has received numerous injections.  AR 40.  Plaintiff reported that after he takes his
9  pain medication, his pain level is 7 out of 10 but he feels "drugged up."  AR 41.  His symptoms
10 have remained mostly unchanged except he feels he has a little more strength sometimes.  Id.

11 He testified the problems with his elbow have caused the issues in his cervical spine
12 because of his need to compensate for the weakness and pain in his right upper extremity.  AR 43.
13 He stated his doctors have told him there are no surgeries they can do for his right arm or his
14 cervical spine.  AR 42-43, 45.  He describes having a sharp pain and finds it hard to lay down at
15 times.  AR 43.  He estimated he could sit twenty minutes, but then would have to stand up and
16 walk a little bit.  He can stand up to a half hour, walk a half hour to forty minutes, and lift ten to
17 fifteen pounds.  AR 46-47.  He can reach overhead with his right arm, but it causes right shoulder
18 and elbow pain.  AR 47.

19 Plaintiff testified that he relies on his left arm to perform most tasks including personal
20 care and household chores.  AR 48.  He uses his left arm to drive, text, and use email because it's
21 less painful.  AR 49.  He also uses his left hand to operate zippers, buttons, and shoelaces.  AR
22 50.  Plaintiff reports that any activity he does with his right arm is painful.  AR 50.  He spends his
23 days trying to walk and exercise to improve his functioning but finds it difficult because of all the
24 pain medication.  AR 51.  He spends weekends with his children going to the park and watching
25 them play sports.  AR 52-53.  They will occasionally go to restaurants, and they go shopping at
26 stores as needed.  AR 53-54.

27 The ALJ provided at least two satisfactory reasons for discrediting plaintiff's subjective
28 pain testimony and concluding that plaintiff's "statements concerning the intensity, persistence

7

and limiting effects of his symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" 20 C.F.R. § 404.1529(c)(2) (objective medical evidence is useful in assessing symptoms); Carmickle v. Comm'r Soc. Sec. Admin. 533 F.3d 1155, 1161 (9th Cir. 2008); Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for purposes of determining eligibility for SSI benefits"). AR 19. First, the ALJ found that plaintiff's statements were contradicted by the plaintiff's "somewhat normal level of daily activity and interaction." AR 19, 20 C.F.R. § 404.1529(c)(3)(i); Smartt, 53 F.4th at 499 ("An ALJ may also consider whether the claimant engages in daily activities inconsistent with the alleged symptoms") (quotation omitted). The ALJ specifically referenced plaintiff's ability to drive, perform household chores, use his cell phone, and cook. AR 19.

Daily activities, even if they are not commensurate with work activity, may demonstrate that a plaintiff's subjective complaints are exaggerated. See Valentine v. Astrue, 574 F.3d 685, 694 (9th Cir. 2009) (while daily activities "did not suggest [plaintiff] could return to his old job [they] did suggest that [plaintiff's] later claims about the severity of his limitations were exaggerated"). During the hearing, the ALJ specifically questioned how plaintiff could drive "one-handed," when maneuvers such as making a U-turn require two hands. AR 50–51. See Valentine v. Astrue, 574 F.3d 685, 694 (9th Cir. 2009) (while daily activities "did not suggest [Plaintiff] could return to his old job [they] did suggest that [Plaintiff's] later claims about the severity of his limitations were exaggerated"). The court finds that under the circumstances, the ALJ's reliance on plaintiff's daily activities was sufficiently explained and provided a basis to find plaintiff's credibility undermined.

Second, the ALJ concluded that while plaintiff "alleges he has almost no use of his right arm and elbow since his surgery in May 2017" those "allegations are inconsistent with the objective clinical findings and absence of motor and sensory abnormalities of the right upper extremity." AR 19. In his analysis, the ALJ acknowledged the record of plaintiff's complaints of right upper pain, weakness, numbness, and tingling, and his consistent presentation with limited neck and elbow range of motion with pain and tenderness. AR 20, citing AR 417, 432, 513–14,

554–56.  However, the ALJ emphasized that plaintiff's "musculoskeletal and neurological findings" overall, were "unremarkable."  AR 20 (citing AR 417, 432 ("5/5" motor strength and normal sensation in upper extremities), 513–14 ("mild strength deficits"), 554–56 ("shoulder range of motion is unremarkable"; "Sensation is unremarkable")).  The Ninth Circuit has found that evidence documenting intact limb strength demonstrates greater functionality than claimed.  Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996); see Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (lacking physical signs of inactivity upon examination was inconsistent with the claimant's allegation of being a "totally incapacitated individual"); Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001) (noting "there is no evidence of disuse muscle atrophy" due to pain).

Further, while early examinations documented a mild reduction in motor strength and sensation in plaintiff's upper extremities (AR 458, 462, 466, 513–14), later examinations generally documented full (5/5) motor strength and intact sensation in both his upper extremities, as well as normal gait, ambulation without assistance, and negative Babinski (neurologic foot reflex) signs, Hoffmann (neurologic finger reflex) signs, Clonus (reflex response to a muscle stretch) test, Spurling (cervical and foraminal compression) test, and Ulnar, Median, and Adson (upper limb nerve) Stretch Tests.  AR 417–18, 425, 432, 437, 537, 571–72, 576–77, 588–89.  The ALJ reasonably found such clinical signs were inconsistent with plaintiff's allegations of extreme limitations.  See Scianna v. Saul, 839 Fed. Appx. 135, 135 (9th Cir. 2021) (holding an inconsistency with objective evidence can form a basis for rejecting an individual's allegations) (citing Carmickle v. Comm'r, SSA, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.")).

As to plaintiff's cervical spine complaints, the ALJ noted that plaintiff had an MRI of his cervical spine December 17, 2021, which revealed no specific abnormality identified at the C2 to C3, C6 to C7 and C7 to T1 levels.  AR 20, 619-20.  This imaging showed no impingement on the thecal sac or nerve roots.  Id.  There was mild right neuroforaminal stenosis at the C3 to C4 level, but no impingement of the thecal sac or nerve roots was identified, and there was mild posterior disc bulge at the C4 to C6 level, but no impingement of the thecal sac or nerve roots was identified.  Id.  Further, there was right paracentral bulging of the C5 to C6 disc, but no

9

impingement of the thecal sac or nerve roots identified.  Id.  The ALJ reasonably concluded the medical evidence contradicted plaintiff's pain testimony.

Because the undersigned concludes that the ALJ provided at least two supported rationales for discrediting plaintiff's subjective pain testimony, the ALJ did not err.  The ALJ reasonably supported his conclusions, and it is apparent that the ALJ did not arbitrarily discredit the plaintiff.  Judgment must be entered in favor of the Commissioner.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 21), is GRANTED;

4. The Clerk of the Court shall enter judgment for defendant close this case.

SO ORDERED.

DATED: September 17, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE